IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ANDRELL WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-427 (MTT) |
| | ) |
| | ) |
| **EQUIFAX INFORMATION SERVICES LLC,** *et al.*, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

# ORDER

Defendant Wells Fargo moves for summary judgment. For the following reasons, that motion (Doc. 27) is **GRANTED**.

## I. BACKGROUND[1]

Andrell White alleges that Wells Fargo erroneously reported a monthly payment due amount of $114.00 on an account that had been closed. Doc. 1 ¶ 9. White further alleges that, according to a "credit reporting industry standard" and the Credit Reporting Resource Guide, Wells Fargo should not have reported a monthly payment due amount. *Id.* ¶ 11. White claims that Wells Fargo's reporting is "false and misleading." *Id.*

---

[1] The facts supporting the Court's ruling are drawn primarily from Wells Fargo's Statement of Undisputed Material Facts (Doc. 27-2)—which White failed to contest—but only to the extent that Wells Fargo's facts are adequately supported by the record. *See* Fed. R. Civ. P. 56(e)(2)-(3); *see also* M.D. Ga. Local Rule 56.

On May 23, 2019, White noticed an inaccurate payment due amount on his Equifax credit report.  *Id.* ¶ 12.  White claims that, through a letter to Equifax, he disputed the payment due amount on or about July 3, 2019.  *Id.* ¶ 13.  White also alleges that Equifax forwarded his dispute to Wells Fargo and that Wells Fargo received his dispute.  *Id.* ¶¶ 15, 16.  White says that Wells Fargo "did not consult the Credit Reporting Resource Guide as part of its investigation."  *Id.* ¶ 17.  When he did not hear from Equifax, White alleges that he "obtained his Equifax credit disclosure, which showed that Equifax and [Wells Fargo] failed or refused to report the scheduled monthly payment as $0.00."  *Id.* ¶ 18.  White claims that he suffered damages because of "[Wells Fargo's] negligent and/or willful failure to comply with the Fair Credit Reporting Act."  *Id.* ¶ 19.

In its motion for summary judgment, Wells Fargo claims it did not receive any notice of White's dispute of Wells Fargo's reporting.  Doc. 27-2 at 1, 4-5.  To see if White had any evidence to support his claims, Wells Fargo served discovery on White's lawyer on June 9, 2020.  Docs. 8; 27-2 at 2, 6-26.  When White failed to respond, Wells Fargo requested dates for White's deposition and asked when White intended to respond to the written discovery.  Doc. 27-2 at 2, 6, 30.  White's attorney responded that he had trouble getting White to finalize his responses and asked for a one-week extension.  *Id.* at 2, 7, 30.

When Wells Fargo followed up on its requests on July 27, White's lawyer informed Wells Fargo that he intended to withdraw because of White's

unresponsiveness.[2]  *Id.* at 2, 7, 29.  On August 13, Wells Fargo again requested White's discovery responses and scheduled his deposition for August 31, 2020.  *Id.* at 2, 7, 32-34.  On August 18, 2020, White's lawyer notified Wells Fargo that he still had no contact with White and still planned to withdraw from the case.  *Id.* at 2, 7, 27.  On August 24, Wells Fargo wrote White directly concerning his failure to respond to discovery requests and inquired whether he would attend the August 31 deposition.  *Id.* at 3, 7-8, 35.  White did not respond.  *Id.* at 3, 8.

All of that is to say that White never provided evidence of any notice to Wells Fargo from Equifax concerning his alleged dispute, any evidence of Wells Fargo's alleged erroneous reporting, or any evidence of Wells Fargo's failure to investigate White's alleged dispute.  *Id.* at 3-5.  In short, White has no evidence to support his claim.

## II. SUMMARY JUDGMENT STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'"  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant

---

[2] White's lawyer moved to withdraw on September 1, 2020.  Doc. 26.  The Court granted the motion and sent a *Griffith* notice to White on October 14, 2020, giving him thirty days to respond to Wells Fargo's motion for summary judgment.  Docs. 30; 31.  Another lawyer from the same law firm entered an appearance on behalf of White on December 1, 2020.  Doc. 33.

may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).  "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Rather, "the moving party simply may 'show[ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (alterations in original) (quoting *Celotex*, 477 U.S. at 324).  Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324).  The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50).  Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. … The

evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III. ANALYSIS

A "furnisher"[3] who receives notice of a dispute concerning the "completeness or accuracy of any information provided by a person to a consumer reporting agency" has certain duties. 15 U.S.C. § 1681s-2(b); *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018)). Specifically, upon receipt of a notice, the furnisher must "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency," and "report the results of the investigation to the consumer reporting agency." 15 U.S.C. § 1681s-2(b); *Felts*, 893 F.3d at 1312. If the investigation shows incomplete or inaccurately reported information, then the furnisher must notify the "consumer reporting agencies to which the person furnished the information." 15 U.S.C. § 1681s-2(b); *Felts*, 893 F.3d at 1312. If the provided information is found to be "inaccurate or incomplete or cannot be verified," that information should be modified, deleted, or permanently blocked from being reported. 15 U.S.C. § 1681s-2(b); *Felts*, 893 F.3d at 1312.

To prevail on his FCRA claim against Wells Fargo, White must show that he provided notice to Wells Fargo regarding his information's completeness or accuracy. *Knight v. Navient, LLC*, 2016 WL 915192 (M.D. Ga.). White must also show that Wells Fargo, after receiving notice, failed to conduct a reasonable investigation, review all relevant information provided to Equifax, and report the results of the investigation. *Id.*

---

[3] A furnisher is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 C.F.R. § 1022.41(c) (2011).

However, a furnisher's duties are not triggered under § 1681s-2(b) until it receives notice of a dispute.  *Felts*, 893 F.3d at 1312.  Here, it is undisputed that Wells Fargo received no such notice of White's alleged dispute.  Doc. 27-2 at 1, 4-5.  Without notice, Wells Fargo was under no obligation to investigate White's alleged dispute.

White has not presented evidence that Wells Fargo failed to reasonably investigate his alleged dispute.  Further, White must adduce evidence "that *had* [Wells Fargo] conducted a reasonable investigation, the result would have been different; *i.e.*, that [Wells Fargo] would have discovered that the information it reported was inaccurate or incomplete, triggering [Equifax's] obligation to correct that information."  *Felts*, 893 F.3d at 1313.  In sum, White has not produced *any* evidence to support his claims.  *See generally* Doc. 27-2.  Therefore, White cannot show that Wells Fargo failed to reasonably investigate his alleged dispute.

That is all that needs to be said, but the Court will add that White has no evidence that he was damaged.  White alleges that "[a]s a direct and proximate cause of [Wells Fargo's] negligent and/or willful failure to comply with the Fair Credit Reporting Act[,]" he suffered "credit and emotional damages."  *Id.* ¶ 19.  To prevail on his actual damages claim, White must have evidence that he suffered harm because of Wells Fargo's FCRA violation.  *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160-61 (11th Cir. 1991).  For an emotional injury, White must show "a causal connection between [Wells Fargo's] violation and [his] emotional harm."  *Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1304 (11th Cir. 2019).  White failed to produce evidence of either actual or emotional damages, so summary judgment for Wells Fargo is appropriate.  *Id.* (citations omitted).

Accordingly, because White failed to produce any evidence to support his FCRA claims, Wells Fargo is entitled to summary judgment.

## IV. CONCLUSION

For the reasons discussed above, Wells Fargo's motion for summary judgment (Doc. 27) is **GRANTED**.

**SO ORDERED**, this 22nd day of January, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
